NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO R.S.

No. 1 CA-JV 23-0104
FILED 12-7-2023

---

Appeal from the Superior Court in Maricopa County
No. JD30332
The Honorable Todd F. Lang, Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant Robert S.*

Arizona Attorney General's Office, Tucson
By Jennifer Blum
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of The Legal Advocate, Phoenix
By Amanda L. Adams
*Counsel for Appellee R.S.*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

---

**P E R K I N S**, Judge:

¶1 Robert S. ("Father") appeals the juvenile court's order terminating his parental rights to Rachel (a pseudonym). The child's mother ("Mother") is not a party to this appeal. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Father is the biological parent of Rachel, who was born in January 2015. Father has a thirty-year history of substance abuse that has resulted in felony drug convictions and multiple prison sentences.

¶3 In April 2020, DCS found Father, Mother, and Rachel living in a "hazardous and unhealthy" motel room "surrounded by other drug users." DCS took custody of Rachel and placed her in a foster home. DCS referred Father to submit to a mandatory drug test, which he failed to do.

¶4 After an uncontested hearing, the juvenile court found Rachel dependent as to Father on the grounds of neglect and drug use. The court approved a case plan of family reunification.

¶5 On DCS's referral, Father completed a substance-abuse assessment with a treatment facility in which he falsely reported he had been sober for six years. Relying on Father's statements, the facility concluded Father did not meet the criteria for substance-use disorder and did not refer him to treatment. The facility instructed Father to submit to a drug test to confirm his sobriety, which he failed to do.

¶6 Father was incarcerated from January 2021 to July 2021 for a drug-related offense. His post-release probation included the condition that he complete in-patient substance abuse treatment. While Father was in treatment, DCS facilitated supervised visits with Rachel and provided Father with housing resources. At the time of his discharge in October 2021, Father informed DCS that he was entering a 45-day treatment program, and DCS did not refer him to additional treatment.

**¶7**        Between March and June 2022, Father attended supervised visits with Rachel. And in July 2022, DCS again referred Father to substance-abuse treatment and drug testing, but he did not engage in either service. On DCS's referral, Father was scheduled for 16 drug tests in 2022 and 2023. Father missed 15 of the 16 scheduled tests, and tested positive for methamphetamine when he did submit to a drug test in November 2022.

**¶8**        In January 2023, the juvenile court changed Rachel's case plan to severance and adoption, and Rachel moved to terminate Father's parental rights on chronic substance abuse and fifteen-month time-in-care statutory grounds. DCS referred Father to substance-abuse treatment for a third time, but he failed to appear for his intake appointment. When the provider contacted him about his failure to appear, he stated that he had the flu.

**¶9**        In April 2023, the juvenile court terminated Father's parental rights to Rachel on chronic substance abuse and fifteen-month time-in-care statutory grounds and found that termination served Rachel's best interests. Father timely appealed. We have jurisdiction under A.R.S. § 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

**¶10**        On appeal, and for the first time, Father argues that DCS did not make diligent efforts to provide him with appropriate reunification services—specifically that DCS failed to provide ongoing substance abuse therapy from October 2021 to August 2022. Father does not challenge the juvenile court's best interests finding.

**¶11**        We review a juvenile court's termination order under a two-part analysis. *Brionna v. Dep't of Child Safety*, 255 Ariz. 471, 478, ¶ 30 (2023). First, we will accept the juvenile court's factual findings "if reasonable evidence and inferences support them." *Id.* (cleaned up). "Because the juvenile court is in the best position to weigh evidence and assess witness credibility," this Court views the evidence in the light most favorable to sustaining the juvenile court's decision; we will not reweigh the evidence. *See id.* at 478–79, ¶¶ 30, 32 (cleaned up). Second, we will affirm "the juvenile court's legal conclusions regarding the statutory ground for termination . . . unless they are clearly erroneous." *Id.* at ¶ 31. And the juvenile court's legal conclusions are clearly erroneous only if "as a matter of law, no one could reasonably find the evidence to be clear and convincing." *Id.* (cleaned up).

**¶12**        Before seeking to terminate a parent-child relationship, DCS must make diligent efforts to provide a parent with appropriate

reunification services. *See* A.R.S. § 8-533(B)(8)(a); *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005). While DCS must provide measures with "a reasonable prospect of success," DCS is not required to provide "every conceivable service." *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192, ¶¶ 34, 37 (App. 1999).

**¶13** Rachel and DCS argue Father waived any challenge to DCS's efforts because he failed to raise the objection in juvenile court. When DCS has been ordered to provide reunification services in furtherance of a case plan, and the juvenile court finds that DCS made reasonable and diligent efforts to provide such services, "a parent who does not object in the juvenile court is precluded from challenging that finding on appeal." *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179, ¶ 16 (App. 2014).

**¶14** We agree Father waived this argument because he failed to raise a timely, specific objection to DCS's efforts to provide substance-abuse services before the termination hearing. *See Bennigno R. v. Ariz. Dep't Econ. Sec.*, 233 Ariz. 345, 349, ¶ 19 (App. 2013). The only indication in the record of an objection to DCS's reunification efforts is Father's request for additional visitation in September 2022. But this is not a specific objection to DCS's efforts to provide substance-abuse services. Father never requested additional substance-abuse services, nor did he meaningfully engage in the substance-abuse services DCS referred. Father thus waived his right to challenge DCS's efforts on appeal.

**¶15** Because Father waived his diligent-efforts argument, we affirm the termination order.

## CONCLUSION

**¶16** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA